UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTAGE CORPORATION,<br><br>     Plaintiff,<br><br>vs.<br><br>RAYMOND D. ELLIOTT,<br><br>     Defendant. | CIV. 19-5034-JLV<br><br>ORDER |

   The court held a hearing on the defendant's motion for an injunction. The order setting the hearing advised the parties that "[t]he court may *sua sponte* consider its jurisdiction at any time following removal . . . . [and] [t]he removal statute is to be strictly construed." (Docket 3 at p. 1).

   The court may *sua sponte* consider its jurisdiction at any time following removal, see 28 U.S.C. § 1447(c); In Re Atlas Van Lines, Inc., 209 F.3d 1064, 1066-67 (8th Cir. 2000). The removal statute is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). The court must "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." State Farm Fire & Cas. Co. v. Valspar Corp., Inc., 824 F. Supp. 2d 923, 932 (D.S.D. 2010) (internal citation omitted). See also Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (The district court is required to "resolve all doubts about federal jurisdiction in favor of remand.").

Federal courts are courts of limited jurisdiction. They may only adjudicate cases within their stated jurisdiction under Article III of the Constitution or a valid statute enacted by Congress. Marbury v. Madison, 5 U.S. 137 (1803). Every case brought in federal court must fall within the court's subject matter jurisdiction. Id.; Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010). "[T]he case should be remanded if it appears that the district court lacks subject matter jurisdiction." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010).

The procedure for removal of a civil case to federal court is set forth in § 1446, which states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

On December 14, 2018, Plaintiff Federal Home Loan Mortgage Corporation ("Federal Home"), filed a summons and complaint in the Seventh Judicial Circuit Court in Pennington County, South Dakota, alleging pursuant to SDCL 21-49-38 that Federal Home was entitled to possession of the real property. (Docket 4 at p. 2). Raymond Elliott was served with the summons and complaint for eviction on December 18, 2018. Id. Mr. Elliott filed an answer to the complaint on December 21, 2018. (Docket 4 at p. 3). On

March 29, 2019, Circuit Court Judge Robert Mandel entered a judgment of eviction, further finding there were no genuine issue as to any material fact and that Federal Home was entitled to judgment as a matter of law. (Docket 1-1). Mr. Elliott filed a notice of removal and motion for injunction and appeal (hereinafter "Notice of Removal") on April 15, 2019. (Docket 1).

The Notice of Removal was not timely filed in Federal District Court within the 30-day period required by 28 U.S.C. § 1446(b). Mr. Elliott was required to file his notice of removal on or before January 17, 2019, and was not permitted to wait until an adverse substantive decision was entered against him in state court and then file the notice of removal.

The court assumes Mr. Elliott is asserting diversity of citizenship under 28 U.S.C. 1332(a), because of the allegation in the notice of removal "that the damages exceed $75,000." (Docket 1 at p. 1). Mr. Elliott acknowledges he is and has been a South Dakota resident since 1990. Id. at p. 3.

In this setting, the court may look to State Farm Fire & Casualty Co. in which the court articulated the standard for removal jurisdiction:

> This court's original jurisdiction in diversity cases is broader than its removal jurisdiction in diversity cases. *Compare* 28 U.S.C. § 1332, with 28 U.S.C. § 1441. This court has removal jurisdiction over matters that it would have had diversity jurisdiction under § 1332 had the action been filed in federal court originally *only* if none of the defendants is a resident of the state in which the state court action is pending at the time removal is sought. *See* 28 U.S.C. § 1441(a) and (b). Thus, assuming complete diversity of citizenship as between all plaintiffs and all defendants, an action in which a South Dakota citizen is a defendant may be filed originally in federal district court for the District of South Dakota, but if it is

3

first filed in South Dakota state court, it may not be removed to the District of South Dakota. Id.

State Farm Fire & Casualty Co., 824 F. Supp. 2d at 941. Because Mr. Elliott is a resident of South Dakota, plaintiff's case against Mr. Elliott is not removable on the basis of diversity. See id.

During the hearing, Mr. Elliott again made a motion for appointment of counsel. The law is clear the district court does not have jurisdiction to consider Mr. Elliott's claims. Appointing an attorney to assist him at this juncture is not required and an attorney would not be able to argue facts different from those articulated above.[1]

Based on these finding, it is

ORDERED that Mr. Elliott's oral motion for appointment of counsel is denied.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c) the case is remanded to the Seventh Judicial Circuit Court, Pennington County, South Dakota.

---

[1] In Elliott v. Ocwen Loan Servicing, L.L.C., Civ. 15-5038 (D.S.D. 2015), two attorneys were appointed to represent Mr. Elliott. Civ. 15-5038, Dockets 7 & 11. While is unclear why the first attorney sought to withdraw, it is clear to the court the second attorney actively worked on Mr. Elliott's behalf through the district court proceedings. See id. Dockets 37-55. It was only after defendant prevailed that the attorney was unable to work with Mr. Elliott and was permitted to withdraw. See id. Dockets 56-57 & 62.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order, together with a copy of the index from CM/ECF, to the Clerk of Court, Seventh Judicial Circuit, Pennington County, South Dakota.

Dated June 10, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE